**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 24-308 |
| | : | |
| TREMAYNE SAUNDERS | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 18th day of October 2024, following our requested hearing on Defendant's Motion for revocation of his detention Order (ECF 15), the United States' Opposition (ECF 18), and for reasons more fully detailed on the record and identified below, it is **ORDERED** Defendant's Motion (ECF 15) is **DENIED.**

### *Findings after a hearing.*

1. Forty-seven-year-old Tremayne Saunders is self-employed in New York. He owns two businesses, a juice bar and event space, neither of which generate much revenue;

2. Mr. Saunders has ties to multiple states, residing both in New York and in the Middle District of Pennsylvania and has a child in New York; he is responsible for co-parenting his son and resides with his girlfriend registered nurse Stephanie Monsanto who will support him in East Stroudsburg, Pennsylvania;

3. He has drug convictions in New Jersey and North Carolina from several years ago;

*Agents execute a search warrant after K9 confirmation and discover substantial cocaine in Mr. Saunders's carryon luggage.*

4. The Drug Enforcement Agency obtained information on June 5, 2024 from a law enforcement source of Tremayne Saunders traveling from a non-commercial airport in the Los

Angeles area to the non-commercial Northeast Philadelphia Airport. The agents learned Mr. Saunders purchased a $6500 ticket at the last minute and carried a piece of carryon luggage possibly containing drugs;

5. The agents arrived at the Northeast Philadelphia Airport at approximately 4:30 P.M. on June 5, 2024 to intercept Mr. Saunders;

6. The flight landed at approximately 4:50 P.M. and agents contacted the captain and Mr. Saunders. A drug canine dog alerted to Mr. Saunders' carryon bag. The agents informed Mr. Saunders of the canine dog's alert to the possible presence of narcotics. Mr. Saunders declined to provide consent to search the bag;

7. The agents informed Mr. Saunders they would obtain a search warrant and he was welcome to remain with them while they prepared the paperwork, but Mr. Saunders declined. The agents provided contact information and allowed Mr. Saunders to leave the area while they maintained possession of the carryon bag;

8. The agents applied for and obtained a search warrant the next day for Mr. Saunders' bag. The search warrant led to the discovery of approximately ten kilograms of suspected cocaine and a band known to be a money band carrier;

9. The officers forensically confirmed the total weight of cocaine at over ten thousand grams;

10. Our Grand Jury charged Mr. Saunders with possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine on August 27, 2024;

11. Mr. Saunders may face statutory maximum and mandatory minimum sentences set by Congress including a maximum lifetime in prison, with a ten-year mandatory minimum term,

up to ten million dollar fine, and at least five years of supervised release up to a lifetime of supervised release.

### *Mr. Saunders seeks release pending trial.*

12.     Mr. Saunders appeared for a detention hearing before Judge Straw on September 9, 2024 where Judge Straw ordered he remain detained pending resolution of the charges[1];

13.     Mr. Saunders moved for release several weeks later asking we reconsider Judge Straw's detention Order and release him on conditions pending trial[2];

14.     The United States opposes release[3];

15.     Mr. Saunders has no connections to this District. He seeks release to another District and agrees to GPS monitoring. He argues he is have not fled before even when he had the opportunity to do so.  Mr. Saunders offers a deed to a home located in Georgia as collateral to secure his presence in court, but this property has no connection to the alleged conduct or to Mr. Saunders;

16.     Pretrial detention is warranted when we can find no condition or combination of conditions will reasonably ensure the appearance of the person as required and the safety of any other person in the community[4];

17.     Congress further mandates when a person charged with an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substance Acts, it is

---

[1] ECF 12.

[2] ECF 15.

[3] ECF 17, 18.

[4] 18 U.S.C. § 3142(e)(1).

presumed, subject to rebuttal, no condition or combination of conditions will reasonably assure the appearance of the defendant at our required proceedings and the safety of the community[5];

18. We examine conditions of release by taking into account information concerning the nature and circumstances of the crime including whether the offense is a controlled substance offense, the weight of the evidence against Mr. Saunders, history and characteristics of Mr. Saunders including his character, employment, length of residence in the community, community ties, past conduct history relating to drug and alcohol abuse and criminal history, and the nature and seriousness of the danger to a person in the community posed by his release[6];

19. Mr. Saunders offers no ties to this District (other than his counsel and allegedly bringing cocaine into the District) but possesses a North Carolina driver's license and a concurrent driver's license with an address in the Middle District of Pennsylvania; the United States offers extensive evidence of Mr. Saunders' alleged criminal conduct; his past drug convictions and present allegations involve trafficking in drugs causing harm to our community;

20. Mr. Saunders has not rebutted the presumption in favor of detention; and,

21. The United States has shown through clear and convincing evidence that no presently offered condition or combination of conditions will reasonably assure the appearance of Mr. Saunders in this District (for which he presently has no connection) or the safety of the community as an alleged trafficker of sizable amounts of cocaine after two earlier drug convictions if he is released out of our District.

_____
**KEARNEY, J.**

---

[5] 18 U.S.C. § 3142(e)(3)(A).

[6] 18 U.S.C. § 3142(g).